# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANGELA M. CORTEZ,<br><br>Defendant. | Criminal No. 17-216-02 (CKK) |

## MEMORANDUM OPINION
(February 8, 2018)

On February 5, 2018, Defendant Angela M. Cortez, through counsel, filed a [39] Motion to Modify Conditions of Release ("Def.'s Mot."), requesting that the Court adjust its release order to permit Ms. Cortez to live with her mother instead of with her (ex-)brother-in-law. The Court interprets Ms. Cortez's request to include a request to substitute her mother, Elena Cortez-Castillo, as her third-party custodian in place of her ex-brother-in-law, Jesse Salame. The Government filed its [41] Response to the Defendant's Motion to Modify Conditions of Release ("Gov't Resp.") on February 6, 2018, indicating that the Government did not oppose either the request to permit Ms. Cortez to live with her mother or the substitution of Ms. Cortez's mother as her third-party custodian. Gov't Resp. at 5. For the reasons set forth herein, Ms. Cortez's request is **GRANTED**.

On November 9, 2017, Ms. Cortez was charged in an Indictment with the following four counts: Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Cocaine (Count One); Unlawful Distribution of Marijuana (Count Three); Unlawful Possession with Intent to Distribute Marijuana (Count Four); and Unlawful Possession with Intent to Distribute Cocaine

(Count Five).¹ Subsequent to the indictment, Magistrate Judge G. Michael Harvey issued an arrest warrant for Ms. Cortez.

Ms. Cortez appeared in court before Magistrate Judge Harvey, on November 15, 2017, for her initial appearance and arraignment, and she entered a plea of not guilty on all charges. The Government made an oral motion for pretrial detention and Magistrate Judge Harvey scheduled a November 20, 2017, detention hearing in response thereto. At the conclusion of the November 20, 2017, detention hearing, Magistrate Judge Harvey denied the Government's motion for detention and released Ms. Cortez into the third-party custody of Mr. Salame, who, in addition to being Ms. Cortez's ex-brother-in-law, is a City of San Antonio, Texas, police officer. The Government appealed that ruling, and on November 30, 2017, this Court held a hearing on the issue of whether Ms. Cortez should be released or detained pending trial. The Court determined that Ms. Cortez could be released pending trial but that such release would be made subject to the following conditions:

> that she be released on a personal recognizance into the third-party custody of Jesse Salame, a City of San Antonio, Texas, police officer and Defendant Cortez's (ex-)brother-in-law, at whose home she is to live; that she report weekly in person in San Antonio, and comply with courtesy supervision there in their heightened supervision program, including electronic monitoring; that she not apply for, nor possess, a passport, and if she finds her passport, that she surrender it to the PSA; that she comply with weekly drug testing, and treatment, if necessary; and that she be subject to possible revocation of her bond as a result of any rearrest on probable cause for any subsequent offense.

Dec. 1, 2017 Mem. Op. and Order, ECF No. 23, at 2-3 (footnote omitted).

The Court understands that, subsequently, Ms. Cortez was transported to San Antonio, Texas, in the custody of her mother, who thereupon delivered Ms. Cortez into the court-ordered custody of Mr. Salame.

---

¹ The Indictment also brought a fifth count against a co-defendant. Indictment, ECF No. 1, at 2 (Unlawful Use of a Communication Facility (Count Two)).

In a January 12, 2018, status hearing, Ms. Cortez's counsel indicated to the Court that Mr. Salame's housing situation may change and accordingly requested that Ms. Cortez be permitted to live with her mother instead. Min. Order of Jan. 12, 2018. The Court did not at that time grant Ms. Cortez's counsel's request. Rather, the Court ordered the Pretrial Services Agency ("PSA") "to coordinate with its counterpart in the Western District of Texas to perform a house visit to confirm that Defendant ANGELA M. CORTEZ (2)'s mother's house would be an equal placement, particularly in terms of supervision." *Id*. The Court provided that, "[u]pon PSA's submission of the resulting report to this Court and the parties, defense counsel may or may not file the proposed motion for modification of Defendant ANGELA M. CORTEZ (2)'s release order." *Id*.

On January 25, 2018, the Court received a report from PSA indicating that its counterpart in the Western District of Texas had conducted a visit to the home of Ms. Cortez's mother and found it suitable for Ms. Cortez's relocation. PSA also reported that "[a]t the last hearing, the court granted the defendant's request to move with her mother Elena Castillo, if the Western District of Texas (San Antonio) conducted a home visit and found it suitable." Based on this interpretation of the Court's order, "[t]he defendant [was] allowed to move and remains on a Global Positioning System (GPS) with a curfew and weekly reporting."

However, PSA misinterpreted this Court's above-quoted Minute Order, which made clear that *only after* PSA reported the suitability of Ms. Cortez's mother's home *and* defense counsel chose to file a corresponding motion would the Court decide Ms. Cortez's request for modification of her release order. On January 26, 2018, the Court spoke with PSA in order to better ascertain the reason for the misinterpretation. That day the Court also convened a teleconference on the record with Ms. Cortez's counsel and the Government. Ms. Cortez's counsel reported that he was

3

unaware—prior to the Court's contact with him—that Ms. Cortez had been permitted to move. The Court instructed Ms. Cortez's counsel to file a motion for modification of her release order.

Defendant's ensuing [39] Motion notes the approval of Ms. Cortez's mother's home and adds that "Ms. Cortez's [ex-]brother in law is selling the home in which he and Ms. Cortez live. It was due to the fact that he moved that pre-trial authorized Ms. Cortez to move." Def.'s Mot. at 2. The Government's response provides further color based on the Government's contact with pretrial services in the Western District of Texas. Apparently Mr. Salame has moved to a one-bedroom apartment in anticipation of placing his house on the market, and accordingly he now lacks the space to continue to house Ms. Cortez. Gov't Resp. at 4-5. Moreover, a criminal records check of Ms. Cortez's mother, Elena Cortez-Castillo, has indicated that she has no criminal history. *Id.* at 5. On the basis of the Government's independent investigation, the Government submits that it does not oppose the modification of Ms. Cortez's release order to permit her to live with her mother and to substitute her mother as third-party custodian. *Id.*

Separately, the Court memorializes here its understanding that Ms. Cortez currently is working part-time from her mother's home for her mother's business, Castillo Training. PSA, through its counterpart in the Western District of Texas, shall continue to monitor this employment arrangement and any other employment found by Ms. Cortez.

For the foregoing reasons, Ms. Cortez's [39] Motion to Modify Conditions of Release is **GRANTED**. Defendant's mother, Elena Cortez-Castillo, must continue to accompany Ms. Cortez to this Court's future hearings.

A separate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge